IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW MARSO, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-02671-KHV-KGG ) |
| SAFESPEED, LLC and VILLAGE OF NORTH RIVERSIDE, ILLINOIS | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel (Doc. 115). Defendant opposes the motion. Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED.**

**I.  Background**

Plaintiff brings claims, on behalf of himself and all purported class members, against SafeSpeed, LLC ("SafeSpeed") and Village of North Riverside, Illinois ("Village") for violations of the Americans with Disabilities Act ("ADA"), negligence, and malicious prosecution. (*See generally* Doc. 49). The parties are currently completing discovery prior to Plaintiff filing a motion to certify the class. SafeSpeed is a company that provides red light enforcement services to various municipalities. (Doc. 49, at 3–4). Plaintiff alleges that SafeSpeed erroneously sent him a Notice of Violation for running a red light. (Doc. 49, at 4). Plaintiff further alleges that SafeSpeed used his Disabled Identification Placard Number ("Disability Placard Number") instead of the truck's

1

license plate number when determining who was responsible for the violation. (*See* Doc. 5–6). It is not in dispute whether Plaintiff was responsible for the violation. (Doc. 54; Doc. 55). Plaintiff claims SafeSpeed's enforcement mechanism has a pattern of mixing people's Disability Placard Number and license plate number when matching violations with the offenders.

SafeSpeed has already produced 655 notices of violation to the Plaintiff which pertained to complaints involving misidentification of a vehicle. (Doc. 116, at 3). The production of those notices did not reveal any incidents similar to that of the Plaintiff's. (Doc. 120, at 3–4). However, out of those 655 notices, 163 of them did not resolve the issue surrounding the vehicle misidentification—which leads to the present motion. (Doc. 116, at 3). In particular, Plaintiff inquired into "comment entries in which the reason for the confusion regarding misidentification of the vehicle was never resolved." (Doc. 116, at 3). In other words, Plaintiff was unable to determine from the documents produced whether the true cause of the misidentification was due to a Disability Placard Number mix-up, or some other reason unrelated to the case.

The present motion arises from Plaintiff moving to compel SafeSpeed to produce documents related to his Request for Production No. 21 and answer his Interrogatory No. 9. (Doc. 116, at 1). Plaintiff's Request Production No. 21 ("No. 21") specifically provides:

> For each TicketID listed in Exhibit A, produce the following:
> a. An unredacted copy of any and all Notices of Violation associated with the TicketID.

b. Any and all internal and external communications sent or received by SafeSpeed associated with (1) the TicketID, (2) the Notices of Violation associated with the TicketID, and (3) the recipient(s) of the Notices of Violations associated with the TicketID. This includes, but is not limited to, any communications with the municipality and/or Secretary of State associated with the Notice of Violation, and with the recipient(s) of the Notices of Violation.

c. Any and all documents in SafeSpeed's possession or control associated with the TicketID. This request includes, but is not limited to, any documents received from municipalities, Notice of Violation recipients, and other government entities related to the Ticket ID. This request is inclusive of the attachment referenced in the call logs for TicketID 45087279

Interrogatory No. 9 ("No. 9") provides:

For each TicketID listed in Exhibit A, identify the following:

a. The name, address, phone number, and email address of the intended recipient(s) of the Notice of Violation(s) associated with the TicketID.

b. The name, address, phone number, and email address of anyone who contacted SafeSpeed regarding the Notice of Violation(s) associated with the TicketID.

c. The municipality in which occurred the alleged violation recorded on the Notice of Violation(s) associated with the TicketID.

d. The final disposition of the Notice of Violation(s) associated with the TicketID.

e. If a Notice of Violation was dismissed, the reason for dismissal.

f. The names of the SafeSpeed employees and contractors who completed any work related to the Ticket ID.

Defendant responds that the Plaintiff's request is not relevant and proportional to the needs of the case and that it is for an improper purpose—to solicit potential members to participate in the lawsuit. (Doc. 120, at 2).

## II.  Legal Standard

Rule 26(b) of the Federal Rules of Civil Procedures govern the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). As such, for the information to be discoverable, the requested information must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

A party may file a motion to compel when the responding party fails to permit discovery. *Sperry v. Corizon Health*, No. 18-3119-EFM-ADM, 2020 WL 5642343, at *3 (D. Kan. Sept. 22, 2020). The initial burden rests with the party seeking discovery, but the moving party need not address all proportionality considerations. *Id.* Once the initial burden has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue

4

burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Carter v. Union Pac. R.R.*, No. 20-2093-DDC-KGG, 2021 WL 1250958, at *2 (D. Kan. Apr. 5, 2021) (Gale, J.) (citing *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D. Kan. 2004)).

### III. Analysis

Plaintiff's Nos. 9 and 21 requests seeks essentially all information related to the 163 violations where the vehicle misidentification incident was not resolved (*See* Doc. 116-1; Doc. 116-2). This information includes: an unredacted copy of the ticket; all emails and documents relating to the ticket; the names, addresses, and phone numbers of the intended recipients and those who contacted SafeSpeed regarding the ticket; and information relating to the resolution of the ticket and the municipality. *See id.* SafeSpeed objects to these inquires on the basis that it is a "fishing expedition" in an attempt to find additional class members. (Doc. 120, at 2). Therefore, the issue in this dispute is whether is it appropriate to allow discovery relating to the names and addresses of potential class members.

#### A. Relevance

As discussed, relevance is a low burden and is broadly construed. *Carter*, 2021 WL 1250958, at *2. Generally, a party does not need to put forth evidence of its claims before the Court will allow discovery of those claims. *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996). The information that Plaintiff seeks in Nos. 9 and 21 appear to

be facially relevant. The information sought relates to whether the Placard Number/License Plate Number confusion was a one-time event, or part of a broader pattern of misidentifications. Moreover, SafeSpeed does not assert that it would be unduly burdensome to produce the requested documents. As such, the Court finds the documents relating to Nos. 9 and 21 to be relevant.

## B.  Privacy Interests of Putative Class Members

The general rule is that the disclosure of private or sensitive information are not sufficient to withhold discovery and are best addressed in the form of a protective order. *In re Bank of Am. Wage & Hour Emp. Pracs. Litig.*, 275 F.R.D. 534, 541 (D. Kan. 2011). Courts in the District of Kansas have been receptive to allowing discovery requests regarding putative class members where the information sought are names, contact information, and locations of individuals. *See, e.g.*, *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 635–636 (D. Kan. 2012) (overruling objection to precertification discovery); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003) (ruling that failure to file a provisional precertification alone is not a basis for sustaining objection); *see also, e.g., In re Bank*, 275 F.R.D. at 541–44. This particularly true when the burden imposed on the responding party is minimal. *Allen*, 283 F.R.D. at 635. *See In re Bank*, 275 F.R.D. at 542 (discussing that limiting pre-certification discovery is more likely to be permissible when the responding party is not burdened).

Here, the Court is not persuaded that Plaintiff's discovery requests merely amount to a "fishing expedition." The Court does note that SafeSpeed has searched its database twice for requested information and that nothing to date appears to have revealed a

6

pattern of mixing up Placard Numbers and License Plate Numbers. However, Nos. 9 and 24 are not requesting an expanded search. The requests are seeking more details related to notices of violation that have already been produced. Moreover, the basis for requesting further information is legitimate—to further investigate the reasons behind notices of violation that may have been attributed to someone else's car. Lastly, SafeSpeed does not argue that it would be unduly burdensome, inflict substantial hardship, or would be economically unviable. Therefore, SafeSpeed's objection to pre-certification discovery is overruled.

### C. Lawfulness

The last objection by SafeSpeed invokes privileges provided by state and federal law. The Driver's Privacy Protection Act prohibits the disclosure of personal registration information obtained from state agencies. *See* 18 U.S.C. § 2721. Similarly, Illinois law provides protection as well. *See* 625 ILCS 5/2-123(o). Each of these laws have a civil proceeding exception where disclosure is authorized "for use in connection with any civil . . . proceeding in any Federal . . . court." 18 U.S.C. § 2721(b)(4); *see also* 625 ILCS 5/2-123 (f-5)(5) (providing disclosure is allowed in a civil proceeding in federal court). However, the civil litigation exception cannot be used to solicit plaintiffs to participate in a lawsuit. *Maracich v. Spears*, 570 U.S. 48, 78 (2013). As previously discussed, the Court does not find that the purpose of the Plaintiff's request is to solicit plaintiffs. Unlike the facts in *Maracich*, the information sought in this case is within the scope of discovery. Whereas in *Maracich* the case centered around a Freedom of Information Act Request aimed at soliciting state residents to participate in a separate, pending lawsuit. Moreover,

the statute provides for an exception for a "court order." 18 U.S.C. § 2721(b)(4). This order places the search within the exception. Accordingly, the civil litigation exception applies, and discovery is not limited by 18 U.S.C. § 2721, *et seq*. or 625 ILCS 5/2-123, *et seq*.

**IV.   Conclusion**

SafeSpeed is ordered to answer Interrogatory No. 9 and produce documents related to No. 21. Further pre-certification discovery that could potentially identify class members will likely need a bigger basis going forward. The Court thus finds that Defendant has not established its burden of establishing the irrelevance or the improper purpose of the information sought. The Plaintiff's request for costs and reasonable attorneys' fees is **denied**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel, (Doc. 115), is **GRANTED.**

**IT IS SO ORDERED.**

Dated September 13, 2021, at Wichita, Kansas

/S Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge