IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANDREW MARSO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-cv-02671-KHV |
| | ) | |
| SAFESPEED, LLC and | ) | |
| VILLAGE OF NORTH RIVERSIDE, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER

This matter comes before the Court on Defendant, The Village of North Riverside's Motion For Summary Judgment (Doc. #170) filed May 6, 2022. For reasons briefly summarized below, but as more fully stated on the record on July 29, 2022, said motion is **sustained**.[1]

1.  The record reveals no genuine issues of material fact. The Court disregards legal argument in response to factual assertions, facts which are not supported by cited exhibits and facts which plaintiff refuses to accept as uncontroverted but which he "controverts" in ways that are immaterial or not genuinely in dispute. In addition to the other undisputed facts of record, most critically, the record reveals no genuine issue of material fact on these three points:

---

[1] To expedite a ruling on this motion, because this case is set for trial commencing October 19, 2022, the Court has communicated the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

    A. The Kansas Department of Revenue maintains registration records for all Kansas license plates and disability placards.

    B. In response to a query by Nlets, initiated by Safespeed, LLC, the KDOR misidentified plaintiff as the owner of a trailer which ran a red light in the Village of North Riverside, Illinois on May 23, 2019.

    C. In reliance on that incorrect information, Safespeed provided information to the Village which caused it to issue a traffic citation to plaintiff.  The record contains no evidence that SafeSpeed or the Village had knowledge or reason to suspect that the information which the KDOR provided through Nlets was incorrect.

  2. Plaintiff has withdrawn his claim under Title II of the Americans with Disabilities Act (Count II).

  3. The Village is entitled to summary judgment on plaintiff's negligence claim (Count III).[2]  The KDOR was the actual and proximate cause of the misidentification in this case.  On these facts, the Village had no legal duty to confirm that the KDOR identification was correct before issuing the notice of violation.  Also, under 625 ILCS 5/11-208-3, it was entitled to rely on the information which KDOR provided.  Plaintiff is essentially asserting a claim for negligent prosecution, which is not actionable under Kansas law.  In addition, on these facts, plaintiff suffered no physical injury and is not entitled to recover damages for emotional distress.

---

[2] In the Pretrial Order (Doc. #167) filed May 5, 2022, plaintiff asserts that the Village breached its duty to properly confirm the identity of the alleged violator before issuing the notice of violation.  At oral argument, plaintiff's counsel argued that the Village also breached an independent duty to provide courteous, accurate consumer assistance to plaintiff.  This theory of liability is not contained in the Pretrial Order.

4. The Village is entitled to summary judgment on plaintiff's malicious prosecution claim (Count IV). Plaintiff has not identified a genuine issue of material fact with regard to whether the Village lacked probable cause to issue the notice of violation, or whether the Village acted with malice. The Court finds that as a matter of law, the Village had probable cause to issue the notice of violation to plaintiff.

**IT IS THEREFORE ORDERED** that <u>Defendant, The Village of North Riverside's Motion For Summary Judgment</u> (Doc. #170) filed May 6, 2022, be and hereby is **SUSTAINED**.

Dated this 1st day of August, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
