## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANDREW MARSO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 19-cv-02671-KHV** |
| | ) | |
| **SAFESPEED, LLC and** | ) | |
| **VILLAGE OF NORTH RIVERSIDE, ILLINOIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

AMENDED MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendant SafeSpeed, LLC's Motion For Summary Judgment</u> (Doc. #168) filed May 6, 2022.  For reasons briefly summarized below, but as more fully stated on the record on July 29, 2022, said motion is **sustained**.[1]

1.      The record reveals no genuine issues of material fact. The Court disregards legal argument in response to factual assertions, facts which are not supported by cited exhibits and facts which plaintiff refuses to accept as uncontroverted but which he "controverts" in ways that are immaterial or not genuinely in dispute. In addition to the other undisputed facts of record, most critically, the record reveals no genuine issue of material fact on these three points:

A.    The Kansas Department of Revenue maintains registration records for all  Kansas license plates and disability placards.

---

[1]      To expedite a ruling on this motion, because this case is set for trial commencing October 19, 2022, the Court has communicated the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

B.   In response to a query by Nlets, initiated by Safespeed, LLC, the KDOR misidentified plaintiff as the owner of a trailer which ran a red light in the Village of North Riverside, Illinois on May 23, 2019.

C.   In reliance on that incorrect information, Safespeed provided information to the Village which caused it to issue a traffic citation to plaintiff. The record contains no evidence that SafeSpeed had knowledge or reason to suspect that the information which the KDOR provided through Nlets was incorrect.

2.      As to plaintiff's claim under Title III of the Americans with Disabilities Act (Count I), plaintiff has not demonstrated a genuine issue of material fact whether SafeSpeed is a "place of public accommodation."[2] It does not operate physical facilities which are open to members of the public[3] or sell good or services to members of the public. The fact that its web site markets SafeSpeed as providing improved public safety to the public is legally insufficient to create ADA coverage. Because plaintiff has not shown a genuine issue of material fact whether SafeSpeed maintains a "place of public accommodation" under 42 U.S.C. Section 12182(a), SafeSpeed is entitled to judgment as a matter of law. Furthermore, even if plaintiff were to prevail on the merits of his ADA claim, the Court would decline to award injunctive relief – the only relief to which plaintiff might be entitled – because any threat that plaintiff would receive another wrongful notice of violation is essentially non-existent and entirely speculative.

3.      SafeSpeed is entitled to summary judgment on plaintiff's negligence claim (Count III).[4] The KDOR was the actual and proximate cause of the misidentification in this

---

[2]      In the Pretrial Order (Doc. #167) filed May 5, 2022, SafeSpeed asserts the affirmative defense that it is not a place of public accommodation for purposes of coverage under the ADA.

(continued…)

case. On these facts, SafeSpeed had no legal duty to confirm that the KDOR identification was correct before providing the information to the Village. In addition, on these facts, plaintiff suffered no physical injury and is not entitled to recover damages for emotional distress.

4.      SafeSpeed is entitled to summary judgment on plaintiff's malicious prosecution claim (Count IV). Plaintiff has not identified a genuine issue of material fact with regard to whether SafeSpeed initiated or controlled the traffic violation proceeding against plaintiff, whether it lacked probable cause to do so, or whether SafeSpeed acted with malice.

**IT IS THEREFORE ORDERED** that Defendant Safespeed, LLC's Motion For Summary Judgment (Doc. #168) filed May 6, 2022, be and hereby is **SUSTAINED**.

Dated this 2nd day of August, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]      (…continued) Plaintiff does not acknowledge this issue or advance factual allegations which would support a finding that the ADA does apply. SafeSpeed does not argue, however, that it is entitled to judgment on the pleadings.

[3]      Plaintiff argues that the fact that SafeSpeed does not allow the public into its office does not defeat ADA coverage, but for obvious reasons, the fact that SafeSpeed does not allow the public into its office does not create ADA coverage.

[4]      In the Pretrial Order, plaintiff asserts that SafeSpeed breached its duty to properly confirm the identity of the alleged violator before issuing the notice of violation. At oral argument, plaintiff's counsel argued that SafeSpeed also breached an independent duty to provide courteous, accurate consumer assistance to plaintiff. This theory of liability is not contained in the Pretrial Order.